**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARPREET SINGH VIRK,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 25-1861<br><br>Agency No.<br>A208-177-745<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026[**]
San Francisco, California

Before: S.R. THOMAS and GOULD, Circuit Judges, and MORRIS, District
Judge.[***]

Petitioner Harpreet Singh Virk, a native and citizen of India, petitions for

review of the Board of Immigration Appeals' (BIA) denial of asylum.  Because the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Brian M. Morris, Chief United States District Judge for the District of Montana, sitting by designation.

parties are familiar with the factual and procedural history of the case, we need not recount it here.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Where "the BIA reviewed the [Immigration Judge's] factual findings for clear error, and reviewed de novo all other issues," our review is "limited to the BIA's decision." *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). We review legal conclusions de novo and factual findings for substantial evidence. *Id.* We deny the petition for review.

The BIA did not err in its determination that Virk is ineligible for asylum. To qualify for asylum, the applicant must show his past treatment rises to the level of persecution or that he has a well-founded fear of future persecution. *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750–51 (9th Cir. 2021). If past persecution is established, a rebuttable presumption of a well-founded fear arises, and the burden shifts to the government to show by a preponderance of the evidence that the petitioner could avoid future persecution by relocating to another part of his country, and under all the circumstances, it would be reasonable to expect him to do so. *Singh v. Garland*, 118 F.4th 1150, 1165 (9th Cir. 2024). If the government meets this burden, the petitioner is ineligible for asylum. *Rodriguez Tornes*, 993 F.3d at 754–55.

2

We need not decide whether Virk's treatment on account of his membership in Dera Sacha Sauda ("Dera") constituted past persecution, because the agency assumed it did, and concluded that the government met its burden to prove by a preponderance of the evidence that Virk could reasonably relocate within India to avoid future persecution.

Substantial evidence supports the agency's determination that the government sustained its burden of showing Virk could safely relocate to the state of Punjab or to any state where the Bharatiya Janata Party is not the ruling party, including Punjab's Malwa region, where the record evidences that there is significant support for Dera and a significant number of Dera followers.

Substantial evidence also supports the agency's determination that the government sustained its burden of showing it would be reasonable to require Virk to relocate within India, including in the state of Punjab, due to his levels of education and skill, his age and health, his fluency in Punjabi, Hindi, and English, and the presence of his relatives in Punjab.

Accordingly, because the BIA determined that the government met its burden of showing that Virk could be reasonably expected to avoid persecution by relocating to another part of India, and it is not the case that any reasonable adjudicator would be compelled to conclude to the contrary, substantial evidence

3

supports the BIA's conclusion that Virk does not have a well-founded fear of persecution and is ineligible for asylum. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019).

**PETITION FOR REVIEW DENIED.**[1]

---

[1] The temporary administrative stay of removal is lifted and the motion for stay of removal is denied. *See* Dkt. No. 4.